IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:

EDWARD CRESPIN and JANIS CRESPIN,

    Debtors.                                               Case No. 13-17-11234 TA

## OBJECTION TO TRUSTEE'S MOTION FOR RETENTION

***COME NOW*** the Debtors, by and through their undersigned counsel of record, and for their objection to the Trustee's motion for retention of fees, ***STATE***:

1. Debtors case was dismissed prior to plan confirmation on July 12, 2018. Docket No. 115.

2. The Trustee has moved the Court to authorize payment of her commission rather than refunding all funds to Debtors or paying the existing administrative claim of the undersigned. Docket 119.

3. The Trustee is not permitted to deduct commission or expenses from plan payments made in unconfirmed cases.. 11 U.S.C. §1326; 28 U.S.C. §586(e); *In re Rivera*, 268 B.R. 292 (Bankr. D.N.M. 2001), *aff'd In re Miranda* BAP Case No. NM 01-044 (nine cases were consolidated in that proceeding); *In re Acevedo*, 497 B.R. 112 (D.N.M. 2013) (two cases were consolidated for the argument in that proceeding).

4. There is an approved fee application filed in this case, which creates an administrative claim for attorney's fees in the case. This is where the plan payments should be applied upon dismissal. 11 U.S.C. §1326(a)(2).

5. This issue has been settled in this jurisdiction for years; every so often, however, the Standing Chapter 13 Trustee raises it yet again. The issue was resolved after full briefing both

in 2001 and again in 2013. In 2001 the issue was appealed to the Tenth Circuit BAP, which affirmed Judge McFeeley's decision denying Trustee commission in a dismissed case. In 2013 the Bankruptcy Judges from this jurisdiction heard argument on the issue *en banc* from the undersigned, from the then Standing Chapter 13 Trustee and from a U.S. Trustee attorney flown in from Washington, DC for the event. This Court then issued a carefully researched and well thought out opinion, once again denying Trustee commission in a dismissed or converted case. There is simply no need to revisit this issue.

6. The Trustee's only new argument is a reference to 11 U.S.C. §330(c); on information and belief her argument is that *Acevedo* bars commissions on receipts rather than on disbursements. Debtors do not believe *Acevedo* contains any such distinction.

**WHEREFORE** Debtors pray the Court to deny the Trustee's motion for commission, and for such other and further relief as the Court may deem just and proper.

                                                                 Respectfully submitted

                                                   Filed electronically 8/10/18
                                                 Michael K. Daniels
                                                 PO Box 1640
                                                 Albuquerque, NM 87103
                                                 (505) 246-9385; 246-9104 fax

I hereby certify I sent a true and accurate copy of the foregoing to the following parties on August 10, 2018, either via regular mail or through the Court's electronic noticing system.

    Tiffany M. Cornejo
    625 Silver Ave. SW, #350
    Albuquerque, NM   87102

Service certified 8/10/18
Michael K. Daniels