UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

EDWARD CRESPIN and JANIS CRESPIN,

    Debtors.                                                                                       Case No. 13-17-11234 TA

## BRIEF IN OPPOSITION TO MOTION TO RETAIN FEES

***COME NOW*** the Debtors, by and through their undersigned counsel of record, and for their Brief in Opposition to Trustee's Motion to Retain Fees, ***STATE***:

**I.  MATERIAL UNDISPUTED FACTS**:

The parties have stipulated to the following undisputed material facts for purposes of this dispute:

1. This case was filed as a Chapter 13 case on May 15, 2017. Docket No. 1.

2. A Chapter 13 plan was filed that same day. Docket No. 5.

3. The Debtors made plan payments totaling $8,800 between June of 2017 and April of 2018.

4. The case was dismissed prior to plan confirmation on July 12, 218. Docket No. 115.

5. The Standing Chapter 13 Trustee had funds of $8,800 on hand on the date the case was dismissed.

6. The Debtor's attorney filed a fee application, which was subsequently approved in the amount of $16,018.35, including fees, costs and tax. Docket Nos. 113-114, 121.

7. The Standing Chapter 13 Trustee filed a Motion for Retention of Trustee's Fees

1

on August 2, 2018, seeking authorization to retain her ten per cent (10%) trustee fee before paying the administrative attorney fee claim. Docket No. 119.

8. The undersigned subsequently objected to the motion. Docket No. 122.

9. No other funds are at issue.

10. All facts in this stipulation of fact are admissible into evidence in this proceeding without further foundational requirement, subject to the ability of the parties to argue the weight and relevance of each such exhibit.

Stipulation of Facts, filed in this matter on April 3, 2019. Docket No. 126.

## II. PROCEDURAL FACTS:

The Trustee filed a Motion for Retention of Trustee's Fees on August 2, 2018. Docket No. 119. Debtors objected on August 10, 2018. Docket No. 122. A preliminary hearing on the motion was held September 11, 2018. Docket No. 123. The Court took the matter under advisement (see Text Only Hearing Minutes). The Court later set a briefing schedule on the legal issue presented on March 26, 2019. Docket No. 125. This brief is filed pursuant to the briefing schedule.

## III. ARGUMENT:

### *Summary Judgment Standard*

Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. ***Hulsey v. Kmart, Inc***., 43 F.3d 555, 557 (10th Cir. 1994); Rule 56, F.R.Civ.P. 56(c). To avoid summary judgment, the nonmovant must make a showing sufficient to establish an inference of the existence of each element essential to the case. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The nonmovant "may not rest upon mere allegation or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

In this case, there are no disputed material facts. Stipulation of Facts. The only issue presented is whether the Trustee may properly deduct her commission and expense from the plan payments prior to paying them to the Debtor's attorney's administrative priority claim.

### *Prior Caselaw*:

This is not an issue of first impression in this jurisdiction. Judge McFeeley ruled that the Trustee cannot deduct commission and expense from Chapter 13 cases which are dismissed or converted prior to confirmation. *In re Rivera*, 268 B.R. 292 (Bankr. D.N.M. 2001). The Trustee appealed Judge McFeeley's decision to the Tenth Circuit Bankruptcy Appellate Panel, which affirmed. *In re Miranda*, BAP Case No. NM 01-044 *et al*[1], decided December 4, 2001, 2001 Bankr. Lexis 1549. The BAP opinion has no precedential value, both because it is unpublished and because it is a BAP opinion. It is nonetheless an insightful and persuasive opinion, and for that reason the Debtors have cited to it.

Additionally, both of the current New Mexico bankruptcy judges considered this same issue in an *en banc* proceeding in the *Cary Wayne and Rebecca Lynn Harrell* bankruptcy case, Case No. 13-12-12906 JR, and in the *Martin William and Stephanie Anne Acevedo* bankruptcy case, Case No. 13-12-11819 TS. See Docket Nos. 19, 31, 36, 48-66. (Harrell Docket) and Docket Nos. 60, 64, 66-90 (Acevedo Docket). In those two cases the Trustee deducted her

---

[1] The reason for the different names and numbers is that the opinion, both at the trial level and the BAP level, consisted of nine consolidated dismissed or converted cases.

3

commission and expenses from the funds on hand prior to paying the undersigned's administrative priority compensation award. The Debtors moved to require the Trustee to disgorge her commission and expenses, the parties briefed the issue (in those cases the US Trustee participated on behalf of the Standing Chapter 13 Trustee, and flew in an attorney from Washington DC for the oral argument on the issue; the Standing Chapter 13 Trustee also participated and filed separate briefs). After extensive briefing and an *en banc* oral argument, the Courts determined the Standing Chapter 13 Trustee may not deduct commission and expenses from Chapter 13 plan payments in cases that are dismissed or converted prior to plan confirmation. In other words, the Courts followed *Rivera*.

The prior cases had a different procedural posture, but Debtors do not believe that affects the outcome in any way. In *Harrell* and *Acevedo* the Trustee simply deducted her commission and expenses without prior authorization, and the Debtors asked the Court to direct her to disgorge the commission and expenses. In *Rivera* / *Miranda* as in this case the Trustee first moved for permission to deduct her commission and expense, to which motion debtors objected. The legal issue is the same either way.

### *28 U.S.C. §586(e)(2)*:

The Trustee argued in *Rivera*, *Harrell* and *Acevedo* (and presumably will in this case as well once her brief is filed) that 28 U.S.C. §586(e)(2) authorizes her to deduct her commission in unconfirmed, converted or dismissed cases. That section authorizes the Attorney General to fix a percentage fee for the compensation of Chapter 12 or Chapter 13 standing trustees. The statute is silent as to whether confirmation is a prerequisite to distribution. Judge McFeeley and Judge Robinson (writing for the BAP) agreed that 28 U.S.C. §586(e)(2) is the proper place to look for

4

the calculation of the relevant fee, but opined the section must be read in conjunction with the more specific limiting language contained in 11 U.S.C. §1326. In this case there is no dispute about the calculation of a commission, only about whether or not it may be deducted from the Debtors' plan payments prior to paying administrative expenses in an unconfirmed Chapter 13 case.

### *11 U.S.C. §1326:*

The Bankruptcy Code is quite specific. When a plan is not confirmed the Standing Chapter 13 Trustee is authorized to pay only two things; first administrative expense priority claims, and then (if anything is left) refunds to debtors. 11 U.S.C. §1326(a)(2). There is no allowance for commissions to Standing Chapter 13 Trustees. There is no ambiguity in this section; the Court has no need to interpret it.

The Trustee may argue that the need to pay commissions is implicit in 11 U.S.C. §1326(a)(2), and only a minor drafting error created this controversy. Congress was well aware, however, of how to expressly allow trustee commissions in unconfirmed cases. It specifically created exactly such a procedure in Chapter 12 cases. 11 U.S.C. §1226(a)(2). Why Congress provided different procedures for plan payments in unconfirmed cases under Chapter 12 and Chapter 13 is not clear to the Debtors, but the direction that Congress has provided is absolutely clear. The Standing Chapter 13 Trustee is not entitled to commission in unconfirmed cases upon dismissal or conversion. Her recourse is to Congress, not to this Court.

The BAP opinion in *Rivera* surveyed some of the differences between Chapter 12 and Chapter 13. Perhaps most important to Congress in treating commissions differently in the two types of cases is the date of commencement of plan payments. In Chapter 13 plan payments

5

commence almost immediately. In Chapter 12 they may not commence until plan confirmation. See also ***Stahn v. Haeckel***, 920 F.2d 555, 558 (8th Cir. 1990).

The ***Rivera*** Court points out that Trustee commission is addressed in Chapter 13:

> "...Before or at the time of each payment to creditors under the plan, there shall be paid .... (2) if a standing trustee appointed under section 586(b) of title 28 is serving in the case, the percentage fee fixed for such standing trustee under section 586(e)(1)(B) of title 28."

11 U.S.C. §1326(b). Since creditors are not paid under unconfirmed Chapter 13 plans, by pegging the Trustee's commission date to the date(s) creditors are paid, this statutory subsection is additional authority that the Trustee is not entitled to commission on unconfirmed Chapter 13 plans.

### *Contrary Caselaw:*

The Trustee is likely to cite to bankruptcy court decisions allowing Chapter 13 Trustee commissions from plan payments in unconfirmed cases. The previous Standing Chapter 13 Trustee cited Debtors' counsel to a Nevada case during the ***Harrell / Acevedo*** briefing. ***In re Antonacci***, BK-S-08-23349 LBR issued December 20, 2011 by Judge Linda B. Riegle. That opinion lacks any reasoning, and from the appearances cited in the opinion no party objected to the commissions. There is no persuasive legal reasoning in that opinion this Court can examine for guidance; it is essentially a stipulated order. It appears the same is true of an Ohio case mentioned by the U.S. Trustee at the preliminary hearing during the ***Harrell / Acevedo*** controversy. ***In re Cryder*** Case No. 11-56676, Bankruptcy Court for the Southern Division of Ohio. Debtors counsel surveyed the docket through PACER and was only able to find a one page order regarding trustee commission. It is likely this order will not provide this Court with a

6

persuasively reasoned opinion as to why the Standing Chapter 13 Trustee should be allowed to deduct commissions from unconfirmed Chapter 13 plan payments. Additionally the lack of reasoning and discussion prevents Debtors from effectively attempting to distinguish the case or otherwise argue about those opinions.

### *Public Policy:*

In the *Rivera* BAP opinion Judge Robinson mentions a public policy argument made by the Standing Chapter 13 Trustee to the effect that all debtors should share the burdens of the Trustee's operation. One would expect the Standing Chapter 13 Trustee in this district to share that view. Judge Robinson is quick to point out, however, that public policy is a slender reed on which to support an argument to contravene the dictates of a clear and unambiguous statute like 11 U.S.C. §1326(a)(2).

Public policy, in a sense[2], appears to be driving this dispute. The New Mexico bankruptcy bar and the previous Standing Chapter 13 Trustee operated under the *Rivera* rule for twelve years without significant problem up until the unilateral change in policy by the US Trustee that led to the opinion in *Harrell* / *Acevedo*. The bar and the Trustee operated another six years under the *Rivera* rule without problem after the *Harrell* / *Acevedo* decision. There is no obvious reason to revisit this long settled rule. There is no reversal of *Rivera* or *Acevedo* by the Tenth Circuit, no contrary decisions of other Circuits, and the only "decisions" advanced by the Trustee are two sentence orders from bankruptcy courts in other jurisdictions in which the only participants appear

---

[2] Debtors do not concede that public policy favors the Trustee's position in the event the Court considers these statutes to be ambiguous and in need of interpretation. The Trustee has a duty to assist debtors. 11 U.S.C. §1302(b)(4). Providing the Trustee with a financial incentive to favor plan confirmation over conversion or dismissal is in accord with this statutory duty, and increases the chances of distributions to creditors under a plan.

7

to be standing trustees and employees of the U.S. Trustee. This current challenge appears to be driven by a change in the Chapter 13 Trustee's office, and not by anything else. In reviewing the previous request to change the *Rivera* rule in 2013 the New Mexico Bankruptcy Judges sitting *en banc* had this to say:

> "The UST's and the Trustee's request for a different result [from *Rivera*] is not based on a substantial change in the relevant statutes, but rather on new arguments about the construction of those statutes. That is too slender a reed. The Court has considered the UST's and the Trustee's arguments and found them unpersuasive."

*Harrell / Acevedo* memorandum opinion, footnote omitted, p. 18. This Court should reach the same result in this case.

### *CONCLUSION*

The Bankruptcy Code provides clear and specific directions for plan payments in unconfirmed cases. Administrative expense priority claims are to be paid in full, and any remaining balance is to be refunded to the Debtors. Standing Chapter 13 Trustees are not allowed to deduct a commission from the plan payments. Congress understood how to provide for Trustee commission in dismissed or converted cases, and elected to do so in Chapter 12 cases, but not in Chapter 13 cases. There is no ambiguity in the statute and no need for the Court to interpret it.

**WHEREFORE**, Debtors Edward & Janis Crespin pray the Court to deny the Standing Chapter 13 Trustee's motion for retention of fees, to direct her to pay the pending administrative expense priority claim of their attorney, and for such other and further relief as the Court may deem just and proper.

8

Respectfully submitted:

  Filed electronically  4/9/19
Michael K. Daniels
Counsel for Debtors
PO Box 1640
Albuquerque, NM   87103
(505) 246-9385; 246-9104 fax

I hereby certify I sent a true and correct copy of the foregoing to the following parties, either through regular mail as listed below, or through the Court's electronic noticing system, depending upon the CM/ECF subscription status of the party in question, on April 9, 2019.

| Tiffany M. Cornejo | US Trustee |
|---|---|
| 625 Silver SW #350 | PO Box 608 |
| Albuquerque, NM  87102 | Albuquerque, NM   87102 |

 Certified  4/9/19
Michael K. Daniels