IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN RE:<br>EDWARD DANIEL CRESPIN and<br>JANIS MARIE CRESPIN<br><br>Debtor(s). | In Proceedings<br>Under Chapter 13<br><br><br>Bk. No.: 17-11234 TA |

TRUSTEE'S BRIEF IN SUPPORT OF
MOTION TO APPROVE RETENTION OF
TRUSTEE'S FEES ON PRE-CONFIRMATION DISBURSEMENTS UNDER THE PLAN

COMES NOW, TIFFANY M. CORNEJO, Chapter 13 Trustee, files this brief and in support of her Motion to Approve Retention of Trustee's Fees on Pre-confirmation Disbursements Under the Plan. In support of her Motion, the Trustee states as follows:

**I. STATEMENT OF UNDISPUTED FACTS**

The parties have stipulated to the following undisputed material facts for purposes of briefing the Trustee's Motion for Approval of Retention of Trustee's Fees on Pre-Confirmation Disbursement and the Debtors' objection thereto (Docket Nos. 119 & 122:

1. This case was filed as a Chapter 13 case on May 15, 2017. Docket No. 1.

2. A Chapter 13 plan was filed that same day. Docket No. 5.

3. The Debtors made plan payments totaling $8,800 between June of 2017 and April of 2018.

4. The case was dismissed prior to plan confirmation on July 12, 218. Docket No. 115.

5. The Standing Chapter 13 Trustee had funds of $8,800 on hand on the date the case was dismissed.

1 | P a g e

6. The Debtor's attorney filed a fee application, which was subsequently approved in the amount of $16,018.35, including fees, costs and tax. Docket Nos. 113-114, 121.

7. The Standing Chapter 13 Trustee filed a motion for retention of Trustee's Fees on August 2, 2018, seeking authorization to retain her ten per cent (10%) commission and expense before paying the administrative attorney fee claim. Docket No. 119.

8. Debtor subsequently objected to the motion. Docket No. 122.

9. No other funds are at issue.

## II. ISSUE

Whether, notwithstanding this Court's holding in *Acevedo*[1], the Trustee may retain her fee on pre-confirmation disbursement?

## III. DISCUSSION

It is the common practice in this district that when a bankruptcy case is dismissed, pre-confirmation, debtor(s)' counsel is provided a set amount of time to file an application for fees. Once the fees are approved, the Trustee will pay those fees from payments received pursuant to 11 U.S.C. § 1326(a)(1), and thus under the plan. It is the present practice of the Chapter 13 Trustee to <u>not</u> retain the trustee's fee for all payments received by debtor(s), when their case is dismissed pre-confirmation. The basis for this present practice is this Court's in *Acevedo*.

## IV.

### A. Legal Precedent – Or, is it?

This Court has long since concluded that the Trustee may not retain her applicable percentage on receipts when the chapter 13 is dismissed prior to confirmation. *See In re Rivera*, 268 B.R. 292 (D. N.M. 2001)[2]; *In re Miranda*, 285 B.R. 344, (10th Cir. BAP, 2001) (*unpublished*

---

1. *In re Acevedo,* 497 B.R. 112 (D. N.M. 2013).
2. This case was decided by a different Bankruptcy Judge, Honorable Mark B. McFeeley, thus, not technically

2 | P a g e

*opinion*); and *In re Acevedo,* 497 B.R. 112 (D. N.M. 2013). The factual circumstances in these cases are similar. These cases were dismissed pre-confirmation, the Trustee retained her fee from the payments received under the plan, and the Debtor(s) moved to disgorge the fee on the basis that the Trustee was not permitted to retain same, given the plan was not confirmed. In the instant case however, the Trustee draws a distinction from all the aforementioned cases. *See also*, *In re Lundy,* 2017 Bankr. LEXIS 3317 (N.D. OH, 2017) ; and *In re Dickens*, 513 B.R. 906 (E.D. AK, 2014), *both with same/similar fact patterns and holding the same as this Court in Acevedo.*

      The Trustee argues that the issue presented before this Court in this case is different than those presented in the above-referenced cases. This Court has not ruled upon, nor has any party argued before it, whether the Trustee should be permitted to retain her fee on a **pre-confirmation disbursement**.

      Specifically, the Trustee argues that she should be permitted to retain her fee on a disbursement, regardless of whether the plan is confirmed. For example, if a debtor's plan payment is $1,000 per month, and the debtor makes timely, monthly payments for 6 months, but the case is dismissed pre-confirmation, the Trustee will have $6,000 on hand. If debtor's attorney is approved for fees in the amount $3,000, and the Trustee's current fee is 10 percent, the Trustee would retain $300, the attorney would receive $3,000, and $2,700 would be refunded to the debtor. In *Acevedo,* the prior Trustee argued that she should be permitted retain her fees on the entire amount of the receipts, thus, in the example, her fee would be $600. This is where the distinction lies.

---

binding; however, the Trustee references it as such given that this Court did conclude the same holding in *Acevedo*. This same reasoning applies to *Miranda,* although not technically binding for other reasons.

Debtors will argue that this is a distinction without a difference; that this Court's holding in *Acevedo* is long-standing precedent, and the Trustee's argument is without merit. The Trustee asserts the Debtors are incorrect.

## B. Applicable Statutory Sections

What this Court will discover, as stated above, that no party has argued this distinction before. The bankruptcy courts that have held as this Court has, have never been presented with the distinction of the trustee retaining her fee on a pre-confirmation disbursement. Therefore, there is likely no case law specifically on point. This makes the statutory construction most important.

In all the applicable cases, the statutory analysis begins with 28 U.S.C. § 586(e). This section authorizes the Attorney General, after consultation with the United States trustee, to fix a percentage fee for standing trustees in Chapter 12 and Chapter 13 cases. Section 586(e) states in pertinent part:

> **(e)(2)** Such individual shall collect such percentage fee from all payments received by such individual under plans in the cases under chapter 12 or 13 of title 11 for which such individual serves as standing trustee.

The Trustee will note that she has no intention of arguing that this section provides for her to retain her fee on ***all receipts***, as this Court has dismissed this argument. The Trustee simply asserts that this Section does not prohibit retention of a fee on receipts, and clearly, under a strict reading of this Section, favors it.

The next Section that must be reviewed is 11 U.S.C. § 1326(a). The relevant subsections are (a)(1), and this provides in pertinent part:

> **(a)(1)** Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount-

> (A) proposed by the plan to the trustee;
>
> …
>
> **(a)(2)** A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

Thirdly, the Trustee directs this Court to Subsection 1326(b)(2). This section states in pertinent part:

> **(b)** Before or at the time of each payment to creditors under the plan, there shall be paid –
>
> **(2)** if a standing trustee appointed under section 586(b) of title 28 is serving in the case, the percentage fee fixed for such standing trustee under section 586(e)(1)(B) of title 28.

Lastly, and the subsection that has not yet been cited, nor reviewed by this Court, or any other Court holding the same as this Court in *Acevedo*, is subsection 330(c). Subsection 330(c) states in pertinent part:

> **(c)** Unless the court orders otherwise, in a case under chapter 12 or 13 of this title the compensation paid to the trustee serving in the case shall not be less than $5 per month from ***any distribution under the plan during the administration of the plan***. (Emphasis added.)

It is this last subsection that supports the distinction the Trustee is making in this case. This argument has not been made by her predecessor nor any other chapter 13 trustee before her, as it relates to retaining fees on pre-confirmation disbursements.

### C. <u>Trustee's Arguments</u>

Although the Trustee has cited other cases that are in line with the holding in *Acevedo,* the Trustee will limit her discussion, for the most part, to citing this case, as this opinion provides the best analysis regarding the statutory construction and is also binding.

In *Acevedo,* this Court held that, read together, 11 U.S.C. § 1326(a)(2) and 28 U.S.C. § 586(e)(2) require the Trustee to return all plan payments to debtors, after deducting any unpaid claim allowed under section 503(b), without first deducting her percentage fee. *Id.* at 125. Specifically, this Court, in its attempt to harmonize these two (2) sections, stated § 1326(a)(2) refers to all of the Debtors' plan payments to the Trustee, not only the portion for distribution to creditors. *Id.* at 118. This holding was made due to the prior Trustee's argument that § 1326(a)(2) referred to only that portion of payments to be paid to the creditors, and thus, the Trustee's fees were not included. For purposes of this case, the Trustee cites this to simply demonstrate that any distribution made from the payments received under § 1326(a)(2) is a payment *received under the plan*, and thus, stands to follow, that it ***must also be administered under the plan.***

This Court also concluded, in agreeing with the United States trustee, that when the Code references the term "plan", it refers to both confirmed and unconfirmed plans unless the term "confirmed" appears in close proximity or the context clearly dictates. *Id.* at 122 & 123. Thus, by this rational, the Trustee adopts this Court's own interpretation of the term "plan" and asserts that "plan" as referenced in § 330(c) refers to both confirmed and unconfirmed plans, as "confirmed" is not used anywhere in this section.

Additionally, in reaching its holding in *Acevedo,* this Court opined that § 1326(b) supports the Court's interpretation of § 1326(a)(1)(A). *Id.* at 120. In its support of this contention, this Court concluded,

> Section 1326(b) requires the standing Chapter 13 trustee to pay the

> trustee's percentage fee "before or at the time of each payment to creditors under the plan." **But the trustee may pay creditors only under a confirmed plan.** *See* 11 U.S.C. § 1326(a)(2) (requiring the trustee to retain the payments until confirmation or denial of confirmation, and then distribute the payments in accordance with the plan "[i]f a plan is confirmed"). **Because the trustee will never pay creditors, if no plan is confirmed**, and § 1326(b) provides for payment of trustee fees *before* or the time the trustee pays creditors, it follows that, if confirmation never happens, § 1326(b) does not contemplate payment of the trustee's percentage fee. *See Rivera*, 268 B.R. at 294 (observing that § 1326(b) "seems to assume a prior confirmation."). *Id. at 120, 121.* [Emphasis added.]

This conclusion was reached dismissing the preceding Trustee's argument that § 1326(b)(2) supported her argument that the Trustee may retain her fee prior to payment of any creditors. Here, the Trustee argues that this interpretation of § 1326(b) is inconsistent with the practical application of chapter 13. The Trustee further asserts that this Court, albeit implicitly, has recognized the inconsistency with concluding that the chapter 13 trustee will never make pre-confirmation distributions.

First, the Trustee argues that there are many exceptions to the assertion that there are not disbursements made pre-confirmation, but the main, and most common exceptions, are (1) adequate protection payments, and (2) payment of attorneys' fees.

The Trustee has asserted that she believes the Court, albeit implicitly, recognized the inconsistent in failing to account for exceptions to pre-confirmation disbursements. This implicit recognition may be found in NM LBR 3021-1(b). NM LBR 3021-1(b) provides,

> **(b)** <u>Payments by the Trustee.</u> If provided in a proposed chapter 13 plan, the trustee may disburse pre-confirmation payments under Code § 1326(a)(1)C) without separate court order…. The Trustee will be paid the applicable percentage fee established by the United States trustee for all such payments.

NM LBR 3021-1(b) specifically states that the Trustee will be paid her fee upon pre-confirmation, adequate protection payments – a clear exception. This LBR was enacted with the other local rule changes on 12/01/2017, subsequent to the opinion in *Acevedo*. It is this enactment that leads this Trustee to believe this Court is aware of exceptions to pre-confirmation disbursements. The Trustee asserts that there is no distinction between why the Trustee should be allowed to retain her fee on pre-confirmation, adequate protection payments, and not pre-confirmation distribution of attorney's fees.

Moreover, § 1326(b) references the term "plan" and does not qualify it with "confirmed". Therefore, interpreting this section to refer to both pre and post-confirmation payments, is consistent with this Court's own assertion that when the Code references the term "plan" it refers to confirmed and unconfirmed plans alike.

Modifying its holding in *Acevedo* in this instance does not overrule its holding as a whole. The Trustee notes, and defers to, the holding that the Trustee is not permitted to retain her fee on receipts, but this holding can still be upheld with recognizing that § 1326(b) refers to payments to creditors under both confirmed and unconfirmed plans. Thus, when a pre-confirmation distribution occurs, § 1326(b)(2) permits the Trustee to retain her fee on that disbursement amount.

This argument is further substantiated by § 330(c). This section also utilizes the term "plan" and does not refer to whether the plan is confirmed or unconfirmed. Section 330(c) makes it clear that whenever the Trustee makes ***any distribution under the plan***, she **must** receive a minimum of $5.00. Therefore, it stands to reason that the Trustee shall receive a minimum of $5.00 anytime she distributes attorney's fees, even when those fees are paid pre-confirmation. To conclude otherwise would make § 330(c) superfluous.

Therefore, it is not only consistent with this Court's holding in *Acevedo*, but permits a more natural reading and harmonization of §§ 1326(a), (b) and 330(c) to permit the Trustee to retain her fee on pre-confirmation distributions.

## V. CONCLUSION

This Court has clearly held that the chapter 13 trustee may not retain her fee on all receipts. But what this Court has not previously been asked to decide is whether the chapter 13 trustee may retain her fee on pre-confirmation distributions. Although this Court has stated that § 1326(b) refers to only confirmed plans, it has also explicitly stated that when the term "plan" is not accompanied by the term "confirmed" it refers to both "unconfirmed" and "confirmed" plans. This Court has also, subsequent to *Acevedo*, enacted NM LBR 3021-1(b), which permits the Trustee to retain her fee on pre-confirmation adequate protection payments. And, this Court has never had to analyze the interplay with § 330(c) with § 1326(b).

Therefore, in order to maintain a clear, unambiguous interpretation of these sections together, this Court must conclude that although it remains good law that the chapter 13 trustee cannot retain her fee on receipts, she may retain her fee on pre-confirmation distributions.

For the foregoing reasons, Trustee prays for an Order granting her Motion, and for all other relief this Court deems just and equitable.

Respectfully submitted,

/s/Tiffany M. Cornejo
TIFFANY M. CORNEJO, Trustee
Chapter 13 Standing Trustee
625 Silver Ave. S.W., Ste. 350
Albuquerque, NM 87102
Telephone: (505) 243-1335
Telecopier: (505) 247-2709
orders@ch13nm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was mailed to the following interested parties who have not been electronically notified this 10th day of April, 2019, with the correct postage prepaid and deposited in the U.S. Mail.

Edward & Janis Crespin
2738 Camacho Rd. SE
Rio Rancho, NM 87124

/s/Tiffany M. Cornejo