UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

EDWARD CRESPIN and
JANIS CRESPIN,                                       Case No. 17-11234 ta13

    Debtors.

## **OPINION**

Before the Court is the chapter 13 trustee's request to deduct a fee from funds she has been ordered to pay debtors' counsel in this dismissed case. Debtors' counsel objects, arguing that the trustee is not entitled to a fee because the case was dismissed without a confirmed plan. There are no disputed facts and the parties have asked the Court to rule on the current record. For the reasons set forth below, the Court concludes that the Bankruptcy Code does not permit the trustee to pay herself the requested fee. Her motion therefore must be denied.

### I.    FACTS[1]

Debtors Edward and Janis Crespin filed this chapter 13 case on May 15, 2017. They filed a plan the same day, proposing to make $800 monthly payments for 60 months. Two creditors objected to confirmation of the plan, several stay relief motions were filed and litigated, and apparently Debtors had trouble making their plan payments. No plan was ever confirmed. On June 26, 2018, the chapter 13 trustee filed a motion to dismiss the case, alleging the Debtors were two months behind on their plan payments. Rather than fight the motion, on July 12, 2018, Debtors and the trustee submitted a stipulated order of dismissal. The dismissal order provides in part:

---

[1] The Court took judicial notice of the docket *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) (same).

2. If any allowed fees charged by Debtor(s)' counsel remain unpaid, the Chapter 13 trustee is hereby ordered to pay any funds she had on hand as of the date of dismissal to the Debtor(s)' counsel rather than the Debtor(s) until such fees have been paid (and also to pay herself any trustee in connection therewith, if a plan has been confirmed). The Court finds that there is cause to modify the provisions of 11 U.S.C § 349(b)(3) to such an extent.

3. If any portion of Debtor(s)' counsel fees have not yet been approved by the Court, the Chapter 13 Trustee shall hold funds on hand as of the date of dismissal until debtor(s)' counsel has submitted a final fee application and the Court has ruled on the same. Debtor(s)' counsel may file a final fee application within seven days. The deadline to object is hereby shortened to 10 days, to which three days is added pursuant to Fed.R.Bankr.P. 9006(f). When the fee application has been ruled on, the Trustee shall comply with the provisions of paragraph 1 of this Order. If a fee application is not timely filed, the Trustee is directed to return all funds to the Debtor(s).

4. The case is dismissed as of the date this Order is entered. The Court retains jurisdiction to rule on any attorney fees that have not yet been approved. *See In re Johnson*, 575 F.3d 1079, 1083-84 (10th Cir. 2009) (court retains jurisdiction over core matters despite dismissal of the underlying bankruptcy case).

Before the dismissal order was entered, Debtors' counsel filed a fee application, seeking allowance of $16,018.32 in fees, costs, and taxes. The trustee did not object to the fee application, but filed a motion to be paid a fee on any disbursement to debtors' counsel. Debtor's counsel timely objected.

The Court approved the fee application on August 8, 2018. When the case was dismissed, the trustee was holding $8,800 of Debtors' money, representing 11 plan payments. If the trustee's motion is granted, she would disburse about $8,000 to debtors' counsel and keep about $800 for herself. If the motion is denied, all $8,800 would be paid to debtors' counsel.

II.     DISCUSSION

A.     Generally, the Trustee May Not be Paid in Cases That Fail Pre-Confirmation.

The rule in this district is that if a chapter 13 plan is not confirmed, all payments made by the debtor to the trustee must be refunded to the debtor without deducting the trustee's percentage fee. *In re Acevedo*, 497 B.R. 112 (Bankr. D.N.M. 2013); *In re Rivera*, 268 B.R. 292 (Bankr.

D.N.M. 2001), aff'd *sub nom.*, *In re Miranda*, 285 B.R. 344 (10th Cir. BAP 2001) (unpublished).[2] This rule was not adopted because of perceived fairness to the trustee, but because that is how the Court construed the relevant law.[3] Were the Court drafting the law, it would pay the trustee her percentage fee in cases that fail pre-confirmation. *See, e.g.*, § 1226(a)(2) (if a chapter 12 plan is not confirmed, the chapter 12 trustee may deduct her fee before sending plan payments back to the debtor). The trustee does a lot of work in failed cases and deserves to be paid for that work. Furthermore, the trustee's percentage fee is calculated in such a way that debtors in successful cases are forced to shoulder the expense of failed cases. Paying the trustee in failed cases likely would reduce the overall percentage fee paid to the trustee in all chapter 13 cases.

While not challenging the *Acevedo* holding entirely, the trustee argues that it should be overruled in part. Specifically, *Acevedo* held that "the trustee may pay creditors only under a confirmed plan." 497 B.R. at 120-21. The trustee argues that the ruling should be modified so she can be paid her fee for disbursements under both confirmed *and unconfirmed* plans. The Court will analyze whether the trustee's argument has merit under the current statutory scheme.

B.  The Legal Effect of Unconfirmed Plans.

---

[2] *See also In re Lundy*, 2017 WL 4404271 (Bankr. N.D. Ohio) citing and agreeing with *Acevedo*); *In re Dickens*, 513 B.R. 906 (Bankr. E.D. Ark. 2014) (same); *In re Ward*, 132 B.R. 417, 418-19 (Bankr. D. Neb. 1991); *In re Lewis*, 346 B.R. 89, 102, n. 17 (Bankr. E.D. Pa. 2006); *In re Ragland*, 2006 WL 1997416, at *1, n. 3 (Bankr. E.D. Pa.); *cf. In re Nardello*, 514 B.R. 105, 113 (D.N.J. 2014) (disagreeing with *Acevedo* and holding that a chapter 13 trustee may be paid her fees in cases that are dismissed before plan confirmation); *In re Hightower*, 2015 WL 5766676, at *4 (Bankr. S.D. Ga.) (following *Nardello*).

[3] As Judge Leif Clark said in *Veigelahn v. Harris*, case no. 10-50655, doc. 52 "Well, this is exactly what I saw, in terms of consequences, that you've got to call the case in accordance with what the statute says, and not necessarily with what the consequences are. I don't like these consequences. But it looks to me like the statutory language is pretty clear. So, I guess I'll let the chips fall where they may on this one." The Supreme Court agreed with Judge Clark. *See Veigelahn v. Harris*, 135 S. Ct. 1829 (2015).

The trustee argues that when the Code uses the term "plan," it sometimes means confirmed plans and sometimes means both confirmed and unconfirmed plans. The Court has acknowledged that, at least in some instances, that is correct. *See, e.g., Acevedo*, 497 B.R. at 123 (the term "plan" when used in 28 U.S.C. § 586(e)(2) refers to both confirmed and unconfirmed plans). The trustee's follow-on argument, however, is that she should be paid for distributions made "under" or "pursuant to" unconfirmed plans.[4] This argument must be overruled; the Court concludes that chapter 13 trustees are never permitted to make disbursements under unconfirmed plans.

Section 1327(a) provides:

> The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

Thus, while confirmed plans bind the debtor and creditors (and the Trustee),[5] unconfirmed plans do not. In *In re Fiorilli*, 196 B.R. 83 (Bankr. N.D. Ohio 1996), for example, the court stated:

> Debtors argument is also faulty in that it presumes that the mere filing of a chapter 13 plan binds the parties. Debtor argues that under the provisions of Clause 4 of the plan, "the value, as of the effective date of the plan, of property to be distributed to Retail Credit Corporation pursuant to the terms of the plan is in fact, the exact amount of the allowed secured claim [provided by the plan]." . . . . Had Debtor's plan been confirmed this statement may have been true because the plan would have had an "effective date." *See 11 U.S.C. § 1327*—Effect of Confirmation. However, at the time that RCC entered its objection to confirmation the plan was not yet confirmed, was not yet "effective," and thus did not yet bind the parties by its terms.

196 B.R. at 86. *See also In re Britt*, 199 B.R. 1000, 1012 (Bankr. N.D. Ala. 1996) ("the provision in each unconfirmed plan binds no one, least of all the Court"); *Titus v. Smith*, 2012 WL 8007169, at *5 (Bankr. W.D. Va.) (distinguishing between the effect of debtor's proposed but unconfirmed

---

[4] Her examples of pre-confirmation payments are adequate protection payments and payments of attorney fees in cases that are dismissed pre-confirmation.

[5] *See* 8 Collier on Bankruptcy ¶ 1327.02, n. 3 and accompanying text (16th ed.).

plans and his ultimately confirmed plan). In short, unconfirmed plans, whether filed in chapter 11, 12, or 13, are legal nullities. They are like motions that have yet to be ruled upon. Unconfirmed plans are on the docket and may indicate that a case is progressing toward plan confirmation, but without confirmation a plan is nothing. What Gertrude Stein said once about the Oakland, California of her childhood, can accurately said about unconfirmed chapter 13 plans: "there is no there there."[6]

In particular, the trustee may not make payments under unconfirmed plans. *See* § 1326(a)(2). Instead, she must retain all money received from the debtors "until confirmation or denial of confirmation." *Id.* Were she allowed to make payments under unconfirmed plans, she could not comply with § 1326(a)(2), which requires the return of all funds to the debtor if a plan is not confirmed.

After plan confirmation, the trustee is to begin disbursements under the plan "as soon as is practicable." *Id*. The trustee begins earning her percentage fees when the post-confirmation distributions begin. § 1326(b)(2).

C.     Adequate Protection Payments Cannot be Made Under Unconfirmed Plans.

The trustee cites adequate protection payments as an example of pre-confirmation disbursements that she often makes under unconfirmed plans. The Court respectfully disagrees that these are plan payments. Section 1326(a)(1) provides:

> (a)(1) Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount--
>   (A) proposed by the plan to the trustee;
>   (B) scheduled in a lease of personal property directly to the lessor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment; and

---

[6] Gertrude Stein, Everybody's Autobiography, p. 298 (1937).

-5-
Case 17-11234-t13    Doc 130    Filed 05/23/19    Entered 05/23/19 15:22:48 Page 5 of 11

> (C) *that provides adequate protection directly to a creditor* holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief, *reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment*.

(emphasis added). By its terms, § 1326(a)(1)(C) allows *debtors* to make pre-confirmation adequate protection payments and requires them to report the payments to the trustee. The payments are not made "under" the debtor's unconfirmed plan. Rather, they are made pursuant to §§ 361, 362(d)(1), and 1325(a)(1)(C). Further, because the payments are to be made by the debtors directly to the secured creditors, the trustee would not be entitled to her percentage fee when the payments are made.

There is no mention in chapter 13 of trustees making pre-confirmation adequate protection payments. Likely this is because the chapter 13 scheme is to have trustees distribute money under confirmed plans, while leaving it to debtors to make adequate protection payments directly.

After confirmation, no further adequate protection payments are needed or allowed. Instead, secured creditors with liens on personal property must be paid the minimum amount specified in § 1325(a)(5)(B)(iii), which uses the adequate protection concept to determine the claim and monthly payment amounts. If the monthly payments are made "inside the plan," then the trustee would make them and be paid her percentage fee.

The trustee points to the Court's Local Bankruptcy Rule 3021-1 in support of her argument that pre-confirmation adequate protection payments can be made "under" unconfirmed plans. The rule provides:

> 3021-1 Pre-Confirmation Adequate Protection Payments in a Chapter 13 Case.
>
> (a) <u>Trustee to Function as Conduit</u>. Adequate protection payments pursuant to Code § 1326(a)(1)(C) are deemed a component of the plan payments to

-6-

the trustee. The trustee will function as a conduit to a creditor for any adequate protection payments set forth in the plan.

      (b)     <u>Payments by the Trustee</u>. If provided in a proposed chapter 13 plan, the trustee may disburse pre-confirmation payments under Code § 1326(a)(1)(C) without a separate court order. The payments may be made monthly from available funds until entry of a confirmation order. Unless the court orders otherwise, the payment amounts will be calculated as set forth in the proposed chapter 13 plan. The trustee will be paid the applicable percentage fee established by the United States trustee for all such payments.

The trustee's argument highlights an ambiguous local rule, not a Code provision that allows her to make payments under unconfirmed plans. No local rule can modify or contradict the Code. *See, e.g., McGowan v. Ries (In re McGowan)*, 226 B.R. 13, 19 (8th Cir. BAP 1998) (a local rule may only be upheld if it is consistent with the Bankruptcy Code). Because unconfirmed chapter 13 plans have no legal force or effect, and also because of § 1326(a)(2), NM LBR 3021-1 cannot be read to permit pre-confirmation plan payments by the trustee.

The better reading of the local rule is that it allows debtors to assign the trustee the task of making pre-confirmation adequate protection payments, in exchange for her normal fee.[7] Without the local rule, the assignment of payment duties could be accomplished, case by case, by court order. The local rule was designed to streamline the process.

Allowing the trustee to make adequate protection payments may reduce confusion. *See, e.g.,* 8 Collier on Bankruptcy ¶ 1326.02[3] (some courts allow adequate protection payments to be routed through the trustee to ease bookkeeping difficulties). The local rule does not transform adequate protection payments into plan payments, however. The payments cannot be plan payments because they end before the plan becomes effective.[8] Adequate protection payments are

---

[7] Where cases fail pre-confirmation, Debtors can pay the trustee her percentage fee by waiving a portion of the refund to which they would otherwise be entitled.

[8] The Court also construes the rule as allowing, but not requiring, debtor to route adequate protection payments through the trustee. Requiring debtors to do so would violate § 1326(a)(1)(C).

*pre-plan* payments. If the local rule could only be read as creating a new class of plan payments, i.e., payments to be made by the trustee under unconfirmed plans, it would have to be stricken as contrary to the Code.

D.  Attorney Fees Cannot be Paid Under Unconfirmed Plans.

The other example the trustee gives of pre-confirmation plan payments is payment of attorney fees in cases that are dismissed before confirmation. As with adequate protection payments, the Court concludes that the attorney fee payments are not "plan" payments.

In general, the Code makes no provision for paying attorney fees or other administrative expenses before confirmation of a chapter 13 plan. Instead, the Code requires a chapter 13 plan to provide for payment of all priority claims, including attorney fees and other administrative expenses. § 1322(a)(2).[9] Without this provision, the plan cannot be confirmed. § 1325(a)(1). Upon confirmation, when the trustee must start making plan distributions, *see* § 1326(a)(2), she may pay attorney fees and other administrative expenses and be paid her fee.

An exception to the general rule is that if debtors' plan is not confirmed, the trustee is directed pay administrative expenses from the debtors' refund. § 1326(a)(2) provides:

> (2) A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. *If a plan is not confirmed, the trustee shall return any such payments* not previously paid and not yet due and owing to creditors pursuant to paragraph (3) *to the debtor, after deducting any unpaid claim allowed under section 503(b).*

---

[9] "The plan . . . shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title . . . ." Debtors' counsel fees are a second priority expense under § 507(a)(2).

-8-
Case 17-11234-t13    Doc 130    Filed 05/23/19    Entered 05/23/19 15:22:48    Page 8 of 11

(emphasis added).[10] Section 503(b) administrative expense claims include "compensation and reimbursement awarded under section 330(a) of this title." § 503(b)(2). Section 330(a), in turn, allows "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person" as well as "reimbursement for actual, necessary expenses." § 330(a)(1)(A).[11]

When a chapter 13 is dismissed, the trustee must return held funds to the debtor after paying § 503(b) claims. § 1326(a)(2); *see also* 8 Collier on Bankruptcy ¶ 1326.02[2][c] ("If the court has approved attorney's fees for the debtor's counsel, such fees would be claims under section 503(b) and must be paid by the trustee before the balance of the funds are returned to the debtor").

The deduction from debtor's refund for administrative expenses is not a "plan" payment. Rather, the payment is in lieu of a proposed plan payment that will never be made.

There is no question Debtors' plan provided for payment of their counsel's allowed fees. As mentioned, it must do so. Because the plan was never confirmed, however, it never became effective. The payment at issue therefore could not be a plan payment.

E.  Section 330(c) Does Not Apply.

Finally, the trustee points to § 330(c) in support of her position. Section 330(c) provides:

---

[10] This sentence made more sense pre-BAPCPA, when it read: "If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b)." The new language adds a little used second deduction, dealing with the unusual situation of an order increasing pre-confirmation adequate protection payments to creditors. *See* 8 Collier on Bankruptcy ¶ 1326.02[2][c][i] (16th ed.). Given the timing of plan confirmation, such orders are rarely entered. *See* 8 Collier on Bankruptcy ¶ 1326.02[3].

[11] Chapter 13 trustee percentage fees are not § 503(b) administrative expense claims. *See Acevedo*, 497 B.R. at 118, n. 12; *Miranda*, 2001 WL 1538003, at *2; *Rivera*, 268 B.R. at 294; *In re Ward*, 132 B.R. 417, 418-19 (Bankr. D. Neb. 1991); *see generally* 8 Collier on Bankruptcy ¶ 1326.02[2][c][ii] ("It does not appear that a standing trustee's percentage fee, intended to cover the trustee's costs and compensation, may be paid under this provision. Courts have held that because the trustee's percentage fee is not governed by section 326 or section 330, it is not an administrative expense under section 503(b).") (footnotes omitted).

(c) Unless the court orders otherwise, in a case under chapter 12 or 13 of this title the compensation paid to the trustee serving in the case shall not be less than $5 per month from any distribution under the plan during the administration of the plan.

This section does not help the trustee. In *In re Scoggins*, 517 B.R. 206 (Bankr. E.D. Cal. 2014), the court discussed § 330(c):

> The obscurity of § 330 in the context of chapter 12 and chapter 13 trustee compensation occurs because § 330 is eclipsed by separate Judicial Code provisions prescribing standing trustee compensation at 28 U.S.C. § 586(e). If the number of cases warrant, the U.S. trustee may appoint standing chapter 12 and 13 trustees. 28 U.S.C. § 586(b). But if there is not a standing trustee, then 28 U.S.C. § 586(e) does not apply and § 330 is the sole source for compensating a trustee in chapter 12 or 13 case.

517 B.R. at 219–20; *see also* 3 Collier on Bankruptcy, ¶ 330.02[1][b] (for chapter 12 and 13 trustees, § 326 sets the ceiling and § 330(c) sets the floor for trustee compensation).

Furthermore, the Court does not construe § 330(c) as modifying the general rule in chapter 12 and 13 that unconfirmed plans have no legal effect. Chapters 12 and 13 do not allow trustee distributions under unconfirmed plans, nor require trustees to "administer" unconfirmed plans. Administration and distribution begin on confirmation. Because of that, § 330(c), in harmony with § 1326, requires minimum trustee fees only on distributions made under confirmed plans.

### III. CONCLUSION

As stated in *Acevedo*, "the trustee may pay creditors only under a confirmed plan." 497 B.R. at 120-21. NM LBR 3021-1, properly construed, added the nuance that the trustee may also be paid for taking on the burden of making pre-confirmation adequate protection payments. When debtors elect to shift that burden to the trustee, however, the payments do not become plan payments. Similarly, payments for administrative expenses made pursuant to § 1326(a)(2) when a plan is not confirmed are not plan payments. These conclusions are consistent with the Court's more general ruling, stated in *Acevedo* and reiterated in this opinion, that no payments are or can

be made "under," "pursuant to," or "in accordance with" unconfirmed plans. Because of that, the trustee's request to retain her percentage fee for paying Debtors' counsel fees must be denied.

_____
Hon. David T. Thuma
United States Bankruptcy Court

Entered: May 23, 2019

Copies to: electronic notice recipients